IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| iFLY HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 1-21-CV-5111 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Zurich American Insurance Company ("Zurich"), files this Notice of Removal removing this action from the Circuit Court of Cook County, Illinois, to the United States District for the Northern District of Illinois, Eastern Division. For the reasons set forth below, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## INTRODUCTION

1. On September 20, 2021, Plaintiff, iFLY HOLDINGS, LLC ("iFly") filed a Complaint for Breach of Contract and for fees and costs pursuant to 215 ILCS § 5/155 ("Complaint") in the Circuit Court of Cook County, Illinois. (A true and correct copy of the Complaint is attached hereto as "Exhibit A").

2. The Complaint alleges that Zurich owes coverage obligations to iFly in light of its claimed business income losses as a result of the SARS-CoV-2 Virus that causes the disease Covid-19.

7733867.1

## ZURICH HAS NOT BEEN "PROPERLY JOINED AND SERVED" UNDER 28 U.S.C. § 1441(b)(2)

3. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (Emphasis added.)

4. Zurich has not been served with the Complaint, nor have any other process documents, pleadings, or orders been served upon Zurich to date in this case. 28 U.S.C. § 1446(a).

5. Zurich is a New York corporation with its principal place of business in Illinois.

6. Zurich is entitled to remove this action to federal court under 28 U.S.C. § 1441(b)(2) because it has not yet been joined and served as a defendant in Cook County.

7. As the Seventh Circuit Court of Appeals has noted, "[d]istrict courts have interpreted § 1441(b)(2)'s 'properly joined and served' provision as creating a service-based exception to the forum defendant rule, meaning that a properly served out-of-state defendant will not be prevented from removing a case when the plaintiff has named but not yet served a resident defendant." *Morris v. Nuzzo*, 718 F.3d 660, 670 n.3 (7th Cir. 2013).

8. Therefore, where, as here, an in-state defendant like Zurich removes a lawsuit prior to service, removal is proper. *See e.g., Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 2021 WL 508687, at *3 (S.D. Ill. Feb. 11, 2021) (permitting Zurich, an in-state defendant, to remove prior being served); *West Bend Mut. Ins. Co. v. MSPPR, LLC*, 2021 WL 463259 (N.D. Ill. Feb. 9, 2021) (permitting removal prior to service by an in-state defendant); *I.T.M. v. Midwest Can Co., LLC*, 2021 WL 170734 (N.D. Ill. Jan. 19, 2021) (same); *Serv. Corp. Int'l v. Stericycle, Inc.*, 2020 WL 6565253, at *3 (N.D. Ill. Nov. 9, 2020) (same); *Grandinetti v. Uber Techs., Inc.*, 2020 WL 4437806, at *5 (N.D. Ill. Aug. 1, 2020) (same); *D.C. by & through*

7733867.1

*Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018) (same); *Graff v. Leslie Hindman Auctioneers, Inc*., 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017) (same); *Selective Ins. Co. of S.C. v. Target Corp*., 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013) (same); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig*., 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013) (same); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig*., 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) (same); *Sheffer v. Cottrell, Inc*., 2009 WL 1231037, at *3 n.4 (S.D. Ill. Apr. 30, 2009) (same); *Massey v. Cassens & Sons, Inc*., 2006 WL 381943, at *2 (S.D. Ill. Feb. 16, 2006) (same); *Maple Leaf Bakery v. Raychem Corp*., 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999) (same).

## DIVERSITY OF CITIZENSHIP

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) and (2) because iFly and Zurich are citizens of different states, i.e., completely diverse, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, removal of this action is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

10. The Complaint alleges that iFly is a Delaware limited liability company with its principal place of business in Austin, Texas. Ex. A at ¶¶ 4 and 69.

11. The Complaint does not identify iFly's members, nor the citizenship of those members.

12. However, Zurich has conducted a good faith investigation to determine the identity and citizenship of the member(s) of iFly by searching public records.

13. Based upon that search, iFly has members in Texas and Virginia, but none of iFly's members are citizens of New York or Illinois, where Zurich is incorporated and maintains its principal place of business.

3

7733867.1

14. Therefore, iFly and Zurich are citizens of different states and are completely diverse.

## AMOUNT IN CONTROVERSY

15. According to the Complaint, "Plaintiff has been damaged in an aggregate amount in excess of $50,000,000, the exact amount to be proven at trial." Ex. A at ¶ 93.

16. Therefore, the $75,000 amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332.

## 28 U.S.C. § 1446'S REQUIREMENTS

17. <u>Removal is timely</u>. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Although Zurich has not been served, the Complaint was recently-filed, i.e., on September 20, 2021. *See* Ex. A.

18. Therefore, this Notice of Removal, filed on September 28, 2021, is timely filed.

19. <u>Removal is proper to this court</u>. Venue is proper in this district under 28 U.S.C. § 1441(a) because the removed action was pending in this district and division.

20. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), Zurich files herewith a true and accurate copy of all pleadings and papers filed in the state court.

21. <u>Notice to state court</u>. Promptly after filing this Notice of Removal, Zurich will give written notice to iFly, and will file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, Case No. 2021 L 009320.

## ORIGINAL JURISDICTION

22. The Complaint is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332, in that Plaintiff and Defendant are citizens of different states and the amount

in controversy exceeds $75,000, exclusive of interest and costs.

23. The case is therefore one that Zurich may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## **RESERVATION OF RIGHTS**

24. By removing this case to this Court, Zurich reserves all rights and defenses, including but not limited to seeking dismissal, and all other available grounds for procedural or substantive motions.

WHEREFORE, Defendant, Zurich American Insurance Company respectfully requests the removal of this action from the Circuit Court of Cook County, Illinois, to this Court, the United States District Court for the Northern District of Illinois, Eastern Division, and for whatever other relief this Court deems just and proper.

Dated: September 28, 2021

                                                Respectfully submitted,

                                                *s/ Margaret Hupp Fahey*
                                                 Margaret Hupp Fahey

DENNIS D. FITZPATRICK
MARGARET HUPP FAHEY
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) 855-1010
dfitzpatrick@clausen.com
mfahey@clausen.com

*Attorneys for Defendant ZURICH AMERICAN INSURANCE COMPANY*

7733867.1

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 28th day of September, 2021, she electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using CM/ECF system which sent notification of such filing to the parties who are registered participants with the System.

*/s/ Jenise Richert*

## SERVICE LIST

Peter J. Flowers
Michael W. Lenert
MEYERS AND FLOWERS, LLC
3 N. Second St., Ste. 300
St. Charles, Illinois 60174
plf@meyers-flowers.com
mwl@meyers-flowers.com